## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL LEEBOVE , WANDA SANTA AND DENISE SANTIAGO individually and on behalf of all others similarly situated, | Civil Action No. 1:12-cv-07146-JGK ("ECF CASE") |
| Plaintiffs, | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| v. | |
| MAYBELLINE, LLC a New York limited liability company, d/b/a MAYBELLINE NEW YORK | |
| Defendant. | |

Carol Leebove ("Leebove"), Denise Santiago ("Santiago") and Wanda Santa ("Santa") (hereinafter collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned counsel Paris Ackerman & Schmierer LLP and Nagel Rice, LLP, upon knowledge as to their own acts and upon information and belief as to Defendant and its actions, bring the following Class Action Complaint against Defendant Maybelline LLC a New York limited liability company, d/b/a Maybelline New York (hereinafter referred to as "Maybelline").

## <u>NATURE OF THE ACTION</u>

1.      This is a class action for declaratory judgment, injunctive relief, reimbursement of losses and damages, alleging that Defendant's marketing, advertising and promotion of its "Super Stay 10HR Stain Gloss" ("Super Stay Gloss") and "Super Stay 14HR Lipstick" ("Super Stay Lipstick") (hereinafter collectively referred to as "the Super Stay Products") is misleading, inaccurate, and deceptive.

2. Maybelline deceptively and misleadingly markets, promotes, and advertises its Super Stay Gloss as the "first-ever 10HR stain gloss" on the product packaging and in various forms of media including television commercials and on the company's website.[1]

3. Maybelline's deceptive and misleading marketing, advertising and promotional materials boast that the Super Stay Gloss "stays vibrant and shiny, yet transparent, and won't fade"[2][3] for a ten hour period.

4. Indeed, the misrepresentation as to the duration of the product's staying power is inherent in the very name of the product - "Super Stay 10HR Stain Gloss."

5. Maybelline's deceptive and misleading marketing, advertising and promotional materials boast that the Super Stay Lipstick is a "14HR lipstick that won't weigh you down" and that the product has "[s]uper rich color with super staying power."[4]

6. As with Super Stay Gloss, the misrepresentation as to the duration of Super Stay Lipstick's staying power is inherent in the very name of the product - "Super Stay 14HR Lipstick."

7. Contrary to these representations in Maybelline's marketing and promotional materials, the Super Stay Products do not remain on the wearer's lips for the extended periods as advertised.

8. Rather, the Super Stay Products wear off and fade after only a few hours of wear.

9. Maybelline overstates and misrepresents the staying power of its Super Stay Products as a means to induce consumers to purchase the product.

---

[1] http://www.maybelline.com/products/161/lips/lip-gloss/superstay-10hr-stain-gloss/
[2] http://www.maybelline.com/products/161
[3] http://www.ulta.com/ulta/browse/productDetail.jsp?productId=xlsImpprod4070023
[4] http://www.maybelline.com/products/160/lips/lip-color/superstay-14hr-lipstick/eternal-rose/020?shadeId=882

2

10.     Both Super Stay Products are sold on Maybelline's website for $8.99 per tube, but can be purchased at drug stores, super markets, beauty supply stores, department stores and through dozens of online merchant sites at varying prices.

11.     Plaintiffs bring this action on behalf of themselves and classes of similarly situated persons, seeking redress for Maybelline's unfair, deceptive and otherwise improper business practices that Defendant is employing against unsuspecting consumers.

## PARTIES

12.     Leebove is, and at all times relevant hereto has been, a resident of the State of Michigan and is over the lawful age of majority, and purchased the Super Stay Products during the relevant Class Period.

13.     Santiago is, and at all times relevant hereto has been, a resident of the State of New Jersey and is over the lawful age of majority, and purchased Super Stay Lipstick during the relevant Class Period.

14.     Santa is, and at all times relevant hereto has been, a resident of the State of New York and is over the lawful age of majority, and purchased Super Stay Lipstick during the relevant Class Period.

15.     Upon information and belief, Defendant Maybelline is the manufacturer, seller and distributor of Super Stay Products.

16.     Upon information and belief, Maybelline's principal place of business is located in New York, New York.

17.     Upon information and belief, Maybelline products, including the Super Stay Products, are sold throughout the United States, including the States of Michigan, New York and New Jersey.

3

## JURISDICTION AND VENUE

18.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and many members of the Class are citizens of a state different from Defendant.

19.     Leebove is a member of the Class and Michigan Subclass (defined below) and is a citizen of a State different from Defendant.

20.     Santa is a member of the New York Subclass (defined below) and is a citizen of the State of New York.

21.     Santiago is a member of the New Jersey Subclass (defined below) and is a citizen of a State different from Defendant.

22.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendant does significant business within this District.

## FACTUAL ALLEGATIONS

### Plaintiff Leebove's Purchase Of The Super Stay Products

23.     Between May and June 2012, Leebove purchased tubes of Super Stay Gloss and Super Stay Lipstick from the Ulta cosmetic store located in Farmington Hills, Michigan.

24.     Leebove purchased the Super Stay Products because of their purported long lasting staying power, as advertised in the products' marketing, promotions and advertisements, and as inherent in the products' names.

4

25.     Leebove had purchased similar "long-lasting" Maybelline products such as the Maybelline Super Stay 24 Color, which performed in accordance with their advertised attributes.

26.     Unlike the other long lasting Maybelline products that Leebove previously purchased, neither of the Super Stay Products had the staying power as represented in their respective marketing, promotions and advertisements, and as inherent in their respective names.

27.     In fact, on each occasion Plaintiff applied the Super Stay Gloss, the product dried-up and faded away in less than one hour after application.

28.     Likewise, when Plaintiff applied the Super Stay Lipstick, the product only lasted a few hours before entirely fading from her lips.

### Plaintiff Santa's Purchase Of The Super Stay Lipstick

29.     On July 3, 2012, Santa purchased tubes of Super Stay Lipstick from the Rite Aid Pharmacy located at the corner of 83rd Street and 37th Avenue, Queens, New York.

30.     Santa purchased the Super Stay Lipstick because of its purported long lasting staying power, as advertised in the product's marketing, promotions and advertisements, and as inherent in the product's names.

31.     Santa had purchased similar "long-lasting" Maybelline products such as the Maybelline Super Stay 24 Color, which performed in accordance with their advertised attributes.

32.     Unlike the other long lasting Maybelline products Santa previously purchased, neither of the Super Stay Products had the staying power as represented in their respective marketing, promotions and advertisements, and as inherent in their respective names.

33.     In fact, when Santa applied the Super Stay Lipstick, the product only lasted a few hours before entirely fading from her lips.

## Plaintiff Santiago's Purchase Of The Super Stay Lipstick

34.     On July 7, 2012 Santiago purchased tubes of Super Stay Lipstick from the Rite Aid located at 4910 Broadway New York, New York.

35.     Santiago purchased the Super Stay Lipstick because of its purported long lasting staying power, as advertised in the product's marketing, promotions and advertisements, and as inherent in the product's name.

36.     Santiago had purchased similar "long-lasting" Maybelline products such as the Maybelline Super Stay 24 Color, which performed in accordance with their advertised attributes.

37.     Unlike the other long lasting Maybelline products Santiago previously purchased, neither of the Super Stay Products had the staying power as represented in their respective marketing, promotions and advertisements, and as inherent in their respective names.

38.     In fact, when Santiago applied the Super Stay Lipstick, the product only lasted a few hours before entirely fading from her lips.

## CLASS ALLEGATIONS

39.     Leebove brings this action on her own behalf and on behalf of a nationwide class of all persons who purchased and paid for Defendant's Super Stay Products (the "Class") pursuant to Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for money damages.

40.     Leebove also brings this action on her own behalf and on behalf of a subclass of Michigan residents who purchased and paid for Defendant's Super Stay Products (the "Michigan Subclass") pursuant to Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for money damages.

41.     Plaintiff Santa brings this action on her own behalf and on behalf of a subclass of New York residents (the "New York Subclass") who purchased and paid for Defendant's Super

6

Stay Lipstick pursuant to Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for money damages.

42.     Plaintiff Santiago brings this action on her own behalf and on behalf of a subclass of New Jersey residents (the "New Jersey Subclass") who purchased and paid for Defendant's Super Stay Lipstick pursuant to Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for money damages.

43.     Plaintiffs reserve the right to modify or amend the definition of the proposed Class and Subclasses before the Court determines whether certification is appropriate.

44.     The "Class Period" in this case shall be the longest period of time permissible by any applicable statute of limitations.

45.     Excluded from the Class and Subclasses are:

        a.      Defendant and any entities in which Defendant maintains a controlling interest;

        b.      Any entities in which Defendant's officers, directors, or employees are employed and any of the legal representatives, heirs, successors, or assigns of Defendant;

        c.      The Judge to whom this case is assigned and any member of the Judge's immediate family and any other judicial officer assigned to this case;

        d.      Persons or entities with claims for personal injury, wrongful death, and/or emotional distress;

        e.      All persons or entities that properly execute and timely file a request for exclusion from the Class and/or Subclasses;

        f.      Any attorneys representing the Plaintiffs or the Class and/or Subclass; and

        g.      All governmental entities.

46.     **Numerosity—Fed. R. Civ. P. 23(a)(1)**. The Class and Subclasses are each comprised of over 100 people and possibly thousands of individuals who purchased Super Stay Products during the relevant class period, the joinder of which in one action would be impracticable. The exact number or identification of the Class and Subclass members is presently unknown. The identity of the Class and Subclass members is ascertainable and can be easily determined based on Defendant's records.

47.     **Predominance of Common Questions—Fed. R. Civ. P. 23(a)(2), 23(b)(3)**. Common questions of fact and law that are capable of classwide resolution exist as to all Class and Subclass members and predominate over questions affecting only individual Class and Subclass members. The answers to these common questions will advance this litigation significantly. Common questions capable of generating common answers apt to drive the resolution of the litigation include, but are not limited to, the following:

a.     Whether Defendant's marketing, promotion, and advertising of Super Stay Gloss and Super Stay Lipstick is false, fraudulent, deceptive, unlawful, or misleading;

b.     Whether Defendant has breached warranties made to the consuming public about their Super Stay Gloss and Super Stay Lipstick;

c.     Whether Defendant's unfair, unconscionable, and deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful in violation of the Michigan Consumer Protection Act, M.C.L.A. 445.903 (the "MCLA") for the Michigan Subclass;

d.     Whether Defendant's marketing, promotion, advertising and sale of Super Stay Lipstick is and was a deceptive act or practice in the conduct of business directed at consumers, giving rise to a violation of the NY General Business Law § 349 (the "GBL 349") for the New York Subclass;

8

e.     Whether Defendant engaged in false advertising through the marketing, promotion and advertising of Super Stay Lipstick in violation of common law and the New York General Business Law § 350 for the New York Subclass (the "GBL 350");

f.     Whether Defendant's marketing, promotion and advertising of Super Stay Lipstick is and was a deceptive and unconscionable business practice, giving rise to a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. (the "CFA");

g.     Whether Plaintiffs and the members of the Class and Subclasses sustained injuries or damages as a result of Defendant's false advertising of Super Stay Gloss or Super Stay Lipstick;

h.     Whether Defendant's conduct constitutes unjust enrichment, and whether equity calls for disgorgement of unjustly obtained or retained funds, restitution to, or other remedies for the benefit of the Class and Subclasses;

i.     Whether Plaintiffs and the members of the Class and Subclass are entitled to prospective injunctive relief enjoining Defendant from continuing to engage in the fraudulent, deceitful, unlawful, and unfair common scheme as alleged in this Complaint; and

j.     Whether Defendant's conduct rises to the level of reprehensibility under applicable law such that the imposition of punitive damages is necessary and appropriate to fulfill the societal interest in punishment and deterrence, and the amount of such damages and/or their ratio to the actual or potential harm to the Class and Subclass.

48.    **Typicality—Fed. R. Civ. P. 23(a)(3)**. Plaintiffs assert claims that are typical of the entire Class and Subclasses, in that Plaintiffs purchased and paid for Super Stay Gloss and Super Stay Lipstick only to learn that the product did not have the attributes or characteristics as advertised.

9

49.  **Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1)**. Plaintiffs are adequate representatives of the Class and Subclasses because they fit within the class definitions and their interests do not conflict with the interests of the members of the Class or Subclasses each plaintiff seeks to represent. Plaintiffs are represented by experienced Class Counsel. Class Counsel has litigated numerous class actions, and Plaintiffs' counsel intends to prosecute this action vigorously for the benefit of the entire Class and Subclasses. Plaintiffs and Class Counsel can fairly and adequately protect the interests of all of the members of the Class and Subclasses.

50.  **Superiority—Fed. R. Civ. P. 23(b)(3)**. The class action is the best available method for the efficient adjudication of this litigation because individual litigation of the Class members' claims and Subclass members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Plaintiffs and members of the Class and Subclasses have suffered harm as a result of Defendant's bad faith, fraudulent, deceitful, unlawful, and unfair misconduct. Because of the size of the individual Class members' claims, and Subclass members' claims no members of the Class or Subclass could afford to seek legal redress for the wrongs identified in this Complaint. Without the class action vehicle, the individual Class members and Subclass members would have no reasonable remedy and would continue to suffer losses, as Defendant continues to engage in the bad faith, unlawful, unfair, and deceptive conduct that is the subject of this Complaint, and Defendant would be permitted to retain the proceeds of its violations of law. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

51.   **Issue Certification - Fed. R. Civ. P. 23(b)(1),(b)(2), (c)(4), & (c)(5).** If and as appropriate, on the motion of a party and/or in the discretion of the Court, one or more of the issues or claims set forth in this Complaint may be certified under the provisions of Fed. R. Civ. P. 23 (b)(1),(b)(2), and/or (c)(4).

## CAUSES OF ACTION

### COUNT I
**Unjust Enrichment on Behalf of the Class**

52.   Plaintiffs repeat and re-allege each and every allegation above, as if fully set forth herein.

53.   Defendant, as the manufacturer of Super Stay Products, sells the products directly and distributes the products to retailers for re-sale to the public.

54.   Leebove and the Class have conferred benefits on Defendant by paying money for the Super Stay Products.

55.   Defendant knowingly and willingly accepted monetary benefits from Plaintff and the Class, but Defendant did not honor its obligation. Instead, Defendant benefited from the sales of the Super Stay Products without providing the value promised.

56.   Under such circumstances it is inequitable to allow Defendant to retain the enormous profits generated from the sale of Super Stay Products that Defendant unlawfully marketed, advertised and promoted.

57.   Allowing Defendant to retain these profits would induce companies to misrepresent key characteristics of their products as a means to increase sales.

58.   In deceptively marketing, advertising and promoting its Super Stay Products as lasting for extensive periods of time, Defendant unjustly enriched itself at the expense of

Plaintiff and the Class members and is required to fully compensate them for the damages that they have suffered as a result of Defendant's actions.

59.     As a direct and proximate cause of Defendant's wrongful and deceptive misconduct, Plaintiff and the Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Defendant of the benefit conferred by Plaintiff and the Class.

60.     By reason of the foregoing, Defendant is liable to Plaintiff and the Class members for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

## COUNT II
### Breach Of Express Warranty on Behalf of the Class

61.     Plaintiffs repeat and re-allege each and every allegation above, as if fully set forth herein.

62.     Defendant expressly warranted in its marketing, advertising and promotion of Super Stay Gloss, that the product is the "first ever 10HR stain gloss."

63.     Defendant expressly warranted in its marketing, advertising and promotion of Super Stay Lipstick that the product is a "14HR lipstick that won't weigh you down," and that the product has "[s]uper rich color with super staying power."

64.     Defendant made these express warranties in print advertisements, on the Internet, and on the label of the Super Stay Products.

65.     Defendant's above representations constitute affirmations of facts or promises to the Plaintiffs and the members of the Class that relate to the Super Stay Products and became part of the basis of their bargain in purchasing the same.

66.     Such affirmation of fact creates an express warranty that the Super Stay Products will conform to the express description and possess the characteristics as set forth in Defendant's marketing, promotional and advertising materials.

67.     Defendant breached its express warranties because the Super Stay Products do not conform to Defendant's promises, descriptions or affirmations of fact that Defendant made in its marketing, advertising and promotion. Defendant's Super Stay Products therefore were not adequately packaged, labeled, sold, promoted or fit for the ordinary purposes for which they were used.

68.     Plaintiff and the Class members purchased Defendant's Super Stay Products based upon and in reliance on this false warranty.

69.     As a consequence of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages incurred as a result of Defendant's action, including by not necessary limited to the purchase price of Defendant's Super Stay Products that they purchased, the amount of such damages to be determined at trial.

## COUNT III
### Violation of Michigan's Consumer Protection Act, M.C.L.A. 445.903 on Behalf of the Michigan Subclass

70.     Plaintiffs repeat and re-allege each and every allegation above, as if fully set forth herein.

71.     Defendant's marketing, advertising, promoting and selling of Super Stay Products constitutes unfair, unconscionable, and deceptive methods, acts, and practices in violation of the Michigan's Consumer Protection Act, M.C.L.A. 445.903.

72.     Defendant markets, advertises, promotes and sells the Super Stay Products for personal, family or household purposes.

73.     Defendant represents that the Super Stay Products have characteristics, uses, and benefits, that they do not have.

74.     Defendant, through its marketing, advertising and promotional materials represents that the Super Stay Products have certain long lasting staying power, which neither the Super Stay Gloss nor Super Stay Lipstick actually have.

75.     These misrepresentations are in fact inherent in the names of the Super Stay Products, i.e. "Super Stay 10HR Stain Gloss" and "Super Stay 14HR Lipstick."

76.     Plaintiff and the class were injured by Defendant's sale of the Super Stay Products.

77.     By reason of the foregoing, Defendant is liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

**COUNT IV**
**Violation of New York General Business Law § 349 on Behalf of the New York Subclass**

78.     Plaintiffs repeat and re-allege each and every allegation above, as if fully set forth herein.

79.     Defendant's business practices of marketing, advertising, promoting and selling its Super Stay Lipstick in a misleading, inaccurate, and deceptive manner by misrepresenting the product's purported long lasting staying power constitutes an unconscionable commercial practice, deception, and misrepresentation and, thus constitutes multiple, separate violations of the GBL §349.

80.     Defendant's marketing, advertising, promoting and selling of Super Stay Lipstick is a consumer-oriented practice, as Super Stay Lipstick is advertised, promoted, marketed and sold to consumers throughout the state of New York.

14

81.     In the marketing, advertising, promotion and sale of its Super Stay Lipstick to consumers, including Santa and the New York Subclass members, Defendant made the material misrepresentations and omissions throughout the State of New York, Defendant marketed, promoted and advertised the Super Stay Lipstick as having characteristics and attributes which it did not actually possess.

82.     Defendant's unlawful conduct is material in that it has the capacity to mislead or deceive consumers, including Santa and the New York Subclass members.

83.     Defendant's unconscionable commercial practices, false promises, misrepresentations and omissions are material in that they relate to matters which reasonable persons, including Santa and the New York Subclass members, would attach importance to in their decisions or conduct relating to their purchase of Super Stay Lipstick.

84.     By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 349, and should be enjoined from representing that their products have long lasting staying power. Defendant is also liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, such damages to be determined at trial, such damages to be trebled, plus attorneys' fees.

## COUNT V
### Violation of New York General Business Law § 350 on Behalf of the New York Subclass

85.     Plaintiffs repeat and re-allege each and every allegation above, as if fully set forth herein.

86.     Defendant engaged in the false advertising of its Super Stay Lipstick in violation of the GBL § 350.

15

87.     As alleged with particularity herein, Defendant marketed, promoted and advertised the Super Stay Lipstick as having characteristics and attributes which it did not actually possess.

88.     Defendant's unconscionable commercial practices, false promises, misrepresentations and omissions set forth in this Complaint are material in that they have the capacity to mislead or deceive consumers, including Santa and the New York Subclass members.

89.     Defendant's unconscionable commercial practices, false promises, misrepresentations and omissions set forth in this Complaint are material in that they relate to matters which reasonable persons, including Santa and the New York Subclass members, would attach importance to in their decisions or conduct relating to the purchase of Super Stay Lipstick.

90.     By reason of the foregoing, Defendant has violated N.Y. Gen. Bus. Law § 350, and should be enjoined from representing that their products have long lasting staying power. Defendant is also liable to Plaintiff and the other members of the Class for the damages that they have suffered as a result of Defendant's actions, such damages to be determined at trial, such damages to be trebled, plus attorneys' fees.

## COUNT VI
### Violation of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 on Behalf of the New Jersey Subclass

91.     Plaintiffs repeat and re-allege each and every allegation above, as if fully set forth herein.

92.     Santiago and the members of the New Jersey Subclass are "consumers" as defined under the New Jersey Consumer Fraud Act.

93.     Defendant is a "person engaged in the "advertisement" or "sale" of "merchandise" as those terms are defined under N.J.S.A 56:8-1(c).

94.     Defendant's representations that the Super Stay Lipstick was a "14HR lipstick that won't weigh you down," and had "[s]uper rich color with super staying power" when there is no competent or reliable evidence to substantiate such claims is misleading, inaccurate, and deceptive.

95.     Defendant knowingly made the material misrepresentations as complained of herein with the intent that such misrepresentations would induce Santiago and the New Jersey Subclass members to purchase the Super Stay Lipstick.

96.     As alleged with particularity herein, Defendant engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise, and misrepresentations as a means to induce Santiago and the members of the New Jersey Subclass into purchasing Super Stay Lipstick. All such actions constitute separate violations of the CFA.

97.     As a result of Defendant's practices, Santiago and members of the New Jersey Subclass have suffered an ascertainable loss of money or property in that they paid the purchase price for the Super Stay Lipstick, which did not have the characteristics and attributes as advertised, and were therefore materially different from what was promised and bargained for.

98.     A causal relationship exists between Defendant's unlawful conduct and the ascertainable losses suffered by Santiago and the members of the New Jersey Subclass. Had the material misrepresentation not been made, consumers would not have purchased the Super Stay Products.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on Plaintiffs' own behalf and on behalf of the Class and all Subclasses, pray for the following relief:

a. An Order that this action be maintained as a class action and that Plaintiffs are appointed the Class and Subclass representatives;

17

b.  An Order appointing the undersigned attorneys as class counsel in this action;

c.  An Order issuing a preliminary injunction enjoining Defendant from continuing to take the deceptive action as set forth in this Complaint;

d.  An Order issuing a permanent injunction enjoining Defendant from continuing to take the deceptive action as set forth in this Complaint;

e.  An Order declaring that Defendant's marketing, promotion and advertising of Super Stay Products is misleading, inaccurate and deceptive;

f.  An Order declaring that Defendant's marketing, promotion, advertising and sale of Super Stay Products violates the Michigan Consumer Protection Act, M.C.L.A. 445.903, et seq.;

g.  An Order declaring that Defendant's marketing, promotion, advertising and sale of Super Stay Lipstick violates the New York Deceptive Trade Practices Act, Section 349, General Business Law, et seq.;

h.  An Order declaring that Defendant's marketing, promotion and advertising of Super Stay Lipstick violates the New York Deceptive Trade Practices Act, Section 350, General Business Law, et seq.;

i.  An Order declaring that Defendant's marketing, promotion and advertising and sale of Super Stay Lipstick violates the New Jersey Consumer Fraud Act, N.J.S.A. 58:8-1, et seq.;

j.  An Order declaring that Defendant has been unjustly enriched by its unlawful practices;

k.  An Order declaring that Defendant breached express warranties in marketing, advertising and promoting the Super Stay Products;

l.  An Order enjoining Defendant from continuing to deceptively and misleadingly market, promote and advertise the Super Stay Products;

m.  An Order directing Defendant to disgorge profits derived from its unlawful practices and to pay restitution to Plaintiffs and all members of the Class and Subclasses;

n.  An Order compelling Defendant to reimburse Plaintiffs and all members of the Class and Subclasses in an amount equal to their ascertainable loss as described herein;

o.  An Order directing Defendant to pay punitive and/or treble damages based upon the above said violations of the NY GBL §349, NY GBL § 350 and New Jersey Consumer Fraud Act.

p.  An Order directing Defendant to pay attorneys fees and costs associated with this litigation.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Date: September 20, 2012

PARIS ACKERMAN & SCHMIERER LLP

By: _____
David S. Paris, Esq.
Ross H. Schmierer, Esq.
Bryan H. Mintz, Esq.
101 Eisenhower Parkway
Roseland, New Jersey 07068
(T): (973) 228-6667
(F): (973) 629-1246

NAGEL RICE, LLP

By:     _s/ Bruce H. Nagel_____
Bruce H. Nagel, Esq.
Diane E. Sammons, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
(T): (973) 618-0400
(F): (973) 618-9194

19